IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00356-GPG-KAS

KENNETH R. KENT,

      Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

      Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Plaintiff's **Motion for a Change of Venue** [#11][1]
(the "Motion for Transfer") and Defendant's **Motion to Dismiss Amended Complaint
Pursuant to 12(b)(6)** [#23] (the "Motion to Dismiss") (collectively, the "Motions").
Defendant filed a Response [#24] to the Motion for Transfer [#11]. No Reply was filed,
and the time in which to do so has elapsed. *See* D.C.COLO.LCivR 7.1(d). Plaintiff, who
proceeds in this matter as a pro se litigant,[2] filed a Response [#30] in opposition to the
Motion to Dismiss [#23], and Defendant filed a Reply [#32]. Plaintiff also submitted an
additional "Reply to [#32] Response to Motion," which the Court construes as a Surreply

---

[1] "[#11]" is an example of the convention the Court uses to identify the docket number assigned
to a specific paper by the Court's case management and electronic case filing system (CM/ECF).
This convention is used throughout this Recommendation.

[2] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519,
520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply
additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a
[litigant's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[#33] filed without leave of the Court.[3] The Motions [#11, #23] have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* [#29]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motion for Transfer [#11] be **DENIED** and that the Motion to Dismiss [#23] be **GRANTED**.

## I. Background

### A.    Procedural History

In February 2018, Plaintiff filed a petition with the Merit Systems Protection Board (the "Board" or "MSPB") seeking review of an administrative judge's decision sustaining his removal/termination as a Social Insurance Specialist at the Social Security Administration's Workload Support Unit in Golden, Colorado, based on charges of being absent without leave ("AWOL"), inappropriate conduct, and failure to follow leave and attendance instructions. *See Kent v. SSA* (*Kent I*), No. DE-0752-17-0171-I-1, 2022 WL 15800281, at *1, *1 n.2 (M.S.P.B. Oct. 28, 2022). Before the Board, he initially argued that "(1) the agency improperly charged him with AWOL when he requested leave without pay for tasks related to his pending Board and Equal Employment Opportunity Commission appeals; (2) the agency improperly changed approved leave to AWOL and validated his timesheet; and (3) the agency did not provide him with the information it

---

[3] Surreplies are not contemplated by the Federal Rules of Civil Procedure or the Local Rules of Practice. However, "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "Material, for purposes of this framework, includes both new evidence and new legal arguments." *Id.* (internal quotation marks and citation omitted). Although the Court did not previously grant Plaintiff leave to file a Surreply, the Court nevertheless has considered it in its adjudication of the Motions.

relied upon in proposing his removal." *Id.* at *1. In part, the Board found that Plaintiff had "failed to prove his affirmative defense of reprisal for protected EEO activity." *Id.* at *2.

The Board's order contained a Notice of Appeal Rights explaining Plaintiff's options for further review: he could file a petition for review with the Federal Circuit within 60 days of issuance of the order, but to the extent he claimed that he was "affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination," he could obtain judicial review by filing a civil action "with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit)" within 30 days of receiving the Board's decision. *Id.* at *4 (emphasis in original).

Plaintiff petitioned for Federal Circuit review. *See Docket Sheet* [#1-3] at 11.[4] In his petition, filed on December 20, 2022, Plaintiff listed "[i]ssues which [he] desire[d] to present on appeal," including "[r]etaliation from the Veterans Administration (CHAMPVA) after transferring to the Social Security Administration" and "EEO and Discrimination after On-Sight investigations at by [sic] female African American investigator." *Id.* at 12-13. On February 15, 2023, the Federal Circuit dismissed Plaintiff's petition for failure to prosecute, due to his failure to file the required Form 10 - Statement Concerning Discrimination ("Form 10"). *Id.* at 97. On May 26, 2023, Plaintiff filed a signed Form 10.

---

[4] On February 5, 2024, the docket for *Kent v. Social Security Administration* (*Kent II*), No. 23-1329 (Fed. Cir. 2023), which became the present case after its transfer here, was docketed almost entirely as a single document, titled "Docket Sheet" [#1-3], and attached to Plaintiff's Motion and Declaration for Leave to Proceed In Forma Pauperis [#1]. Only the Federal Circuit's Transfer Order [#1-2] was docketed separately. In this Recommendation, when citing to filings in the Federal Circuit case, the Court cites this lawsuit's CM/ECF page number for Docket Nos. 1-2 and 1-3. Additionally, two relevant filings in *Kent II* were not included because they were filed after the case was transferred: (1) Plaintiff's Motion for Reconsideration of the transfer order, *see* Docket No. 37 in *Kent II*, No. 23-1329 (Fed. Cir. Feb. 16, 2024), and (2) the Court's Order denying rehearing, *see* Docket No. 38 in *Kent II*, No. 23-1329 (Fed. Cir. Mar. 8, 2024). For completeness of the record, the Court has attached these two filings to this Recommendation.

*Id.* at 118-20. In Section A, he checked a box indicating he had not argued before the MSPB "that the adverse employment action (1) was attributable to discrimination on the basis of race, color, religion, sex, age, national origin, or handicapping condition or (2) was retaliation for pursuing Equal Employment Opportunity Activity." *Id.* at 118. His appeal was reinstated on June 7, 2023. *Id.* at 122.

On November 1, 2023, Plaintiff filed another signed Form 10. This time, in Section A, he checked the box indicating that he *had* argued discrimination or retaliation before the MSPB, specifically circling "retaliation." *Id.* at 151. In Section B, he identified his discrimination claim as "retaliation" and, in Section C, he checked a box stating that "I did claim that I was discriminated against before the MSPB or the Arbitrator and I do not wish to abandon my discrimination claims." *Id.* at 152-53. He added: "Retaliation per MSPB records prior to the MSPB hearing." *Id.* at 153. On the same day, Plaintiff filed a Motion to Supplement the Record. *Id.* at 155-57. In part, he asserted that "[t]his documentation will show the nexus for retaliation, arbitrary, capricious, and abuse of discretion charges by the Social Security Administration which started 4 months after transferring to the agency from the Veterans Administration [sic]." *Id.* at 155.

On December 6, 2023, the Federal Circuit sua sponte raised the issue of whether it had jurisdiction over Plaintiffs' appeal because his replacement Form 10 expressly indicated his intent to seek judicial review of his discrimination (i.e., retaliation) claim. *Id.* at 170-71. In part, the Circuit wrote:

> While this court has jurisdiction over certain final decisions from the Board, 5 U.S.C. § 7703(b)(1)(A), "[c]ases of discrimination," where the petitioner appealed an adverse action to the Board and raised a claim of covered discrimination, **including retaliation**, 5 U.S.C. §§ 7703(b)(2), 7702(a)(1), belong in district court, *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420 (2017); *Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1357 (Fed. Cir. 2011)

(holding that the affirmative defense of retaliation for prior EEO activity "falls outside [of the court's] jurisdictional reach").

*Id.* at 171 (emphasis added). The Federal Circuit ordered the parties to show whether the case should be transferred to a federal district court and, if so, which court would be most appropriate. *Id.*

On February 5, 2024, the Federal Circuit noted that Defendant's response to the show cause order "urge[d] transfer" while Plaintiff had "respond[ed] and continue[d] to argue his discrimination claim." *Transfer Order* [#1-2] at 1. The Circuit reiterated that federal district courts, not the Federal Circuit, have jurisdiction over cases involving allegations of covered discrimination and found that "[t]his case indisputably meets those criteria." *Id.* at 2. The Circuit found that transfer pursuant to 28 U.S.C. § 1631 was warranted and transferred the matter to the District of Colorado, "where the employment action occurred." *Id.*

After transfer, Plaintiff moved the Federal Circuit for reconsideration, arguing that he was "not appealing . . . based upon Discrimination" and that he "unequivocally did not purpose [sic] to file a Discrimination claim . . . but was showing the pattern of prohibited personnel actions that Social Security administration had taken to undermine the EEO and other due process rights." *See Motion for Reconsideration*, Docket No. 37, at 2, in *Kent v. SSA* (*Kent II*), No. 23-1329 (Fed. Cir. Feb. 16, 2024). He asserted that he had "inadvertently submitted the Discrimination form . . . and misinterpreted the premise for filing the form." *Id.* In a brief per curiam order, the Federal Circuit summarily denied Plaintiff's motion, which it construed as a petition for panel rehearing. *See Order on Petition for Panel Rehearing*, Docket No. 38, at 1-2 in *Kent II* (Fed. Cir. Mar. 8, 2024).

Plaintiff now asks this Court to return his case to the Federal Circuit. *See Motion for Transfer* [#11] at 2.

## B.     Plaintiff's Allegations

Plaintiff filed his operative Amended Complaint [#15] in May 2024 on an "Employment Discrimination Complaint" form.[5] As the basis for this Court's jurisdiction, Plaintiff states "Prohibited Personnel Practices." *See Am. Compl.* [#15] at 2. Under his Statement of Claims, Plaintiff identifies "Claim One: Prohibit Personnel Practices [sic]" and the conduct he complains of is "termination of employment" and "Veterans Administration Prohibit Personnel Practices [sic]." *Id.* at 3. He did not check any box identifying what protected category Defendant's allegedly discriminatory conduct was based on. *Id.* He indicated that he has not filed a charge of discrimination and has not received a notice of right to sue, and his only request for relief is "Send my case back to the U.S. Federal Circuit." *Id.* at 4. The Amended Complaint [#15] contains no factual allegations about the events underlying his claim.[6]

---

[5] Whole or partial copies of Plaintiff's operative complaint have been filed multiple times on the docket, *see* [#13, #15, #15-1, #15-2], because a redundant case had inadvertently been opened. *See Order*, Docket No. 3, at 1, *Kent (PS) v. SSA* (*Kent III*), 1:24-cv-01305-SBP (D. Colo. May 15, 2024). Upon *Kent III*'s administrative closure, the pleadings were docketed into this matter. *Id.* Because the complaints are identical (except that an Exhibit [#15-3] is attached to [#15]), the Court cites the Amended Complaint [#15] throughout this Recommendation.

[6] Plaintiff attached to his Amended Complaint [#15] an exhibit which has no clear relevance to this matter, which states: 23 "Bus Passes Distributed," 0 "Rideshares Purchased," 18 "Food/Hygiene Kits Provided," 2 "Clothing Vouchers Given," and 10 "Clients Contacted at Outreach Events," along with a "good news story (2 sentences) about program achievements last month for our marketing team." *See Exhibit* [#15-3] at 1. The "good news story" is that "This month Roy Ward went from being homeless to having an apartment with our help. Following that we were able to get purple heart desert thrift shop to furnish his apartment. We got the elks to provide appropriate/necessary household goods for him and his two daughters." *Id.* The second page of the Exhibit [#15-3] is identical to the first. On both pages, the sections for "Food/Hygiene Kits Provided," "Clothing Vouchers Given," and "Clients Contacted at Outreach Events" are highlighted. *Id.* at 1-2.

## II. Legal Standards

**A.     Jurisdiction and Transfer**

**1.     Mixed Cases**

"[T]he intersection of federal civil rights statutes and civil service law has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workplace." *Kloeckner v. Solis*, 568 U.S. 41, 49 (2012). Pursuant to 5 U.S.C. § 7703(a)(1), employees or applicants may seek judicial review of the MSPB's final decisions. Under the statute, petitions for review should be filed in the Federal Circuit, except that "[c]ases of discrimination subject to section 7702 of this title" should be filed in federal district court. *See Kloeckner*, 568 U.S. at 49-50 (examining statutory framework set forth in 5 U.S.C. §§ 7702 and 7703). Where a claim involves both "an action (*i.e.*, removal [from employment]) appealable to the MSPB" and "alleged discrimination prohibited by an enumerated federal law," it is a "mixed case" and "shall be filed in district court." *Id.* at 50; *see also Perry v. Merit Sys. Protection Bd.*, 582 U.S. 420, 429, 432 (2017) (stating that there is no doubt "that the Federal Circuit lacks authority to adjudicate [claims of discrimination in violation of federal law]" and that judicial review of mixed cases lies in district court).

Accordingly, the Federal Circuit has repeatedly held (including in Plaintiff's own case) that it lacks jurisdiction over appeals from the Board alleging covered discrimination, including claims of retaliation or reprisal for engaging in EEO activity. *See*, *e.g.*, *Green-Doyle v. Dep't of Homeland Sec.*, 817 F. App'x 983, 986 (Fed. Cir. 2020) (finding plaintiff had presented a "mixed case" when she claimed that she had been fired in retaliation for contacting the EEOC and dismissing appeal for lack of jurisdiction); *Diggs*

*v. Dep't of Hous. & Urban Dev.*, 670 F.3d 1353, 1358 (Fed. Cir. 2011) (stating that "affirmative defenses of reprisal for prior EEO activity are assertion[s] of discrimination under Title VII and within the meaning of 5 U.S.C. § 7702," which deprive the Federal Circuit of jurisdiction); *see also Docket Sheet* [#1-3] at 171 (Federal Circuit order explaining that "'[c]ases of discrimination,' where the petitioner appealed an adverse action to the Board and raised a claim of covered discrimination, including retaliation, . . . belong in district court").

### 2.    Law of the Case

The "law of the case" doctrine states that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). This is meant to promote finality and judicial efficiency by "protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting 1B J. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 0.404[1], p. 118 (1984)). The doctrine "applies as much to the decisions of a coordinate court in the same case as to a court's own decisions," and "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Id.* (collecting cases); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (stating that "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order"). As the Tenth Circuit has explained, a coordinate court's prior decision should be reconsidered only in rare circumstances, such as "when the governing law has been changed by the subsequent decision of a higher

court"; "when new evidence becomes available"; or "when a clear error has been committed or to prevent manifest injustice[.]" *Chrysler Credit Corp.*, 928 F.2d at 1516.

The rationale behind the doctrine "appl[ies] with even greater force to transfer decisions than to decisions of substantive law," because if a court feels completely free to revisit another court's transfer decision, it risks sending litigants into "a perpetual game of jurisdictional ping-pong." *Christianson*, 486 U.S. at 816, 818. To avoid that outcome, the Supreme Court has instructed that lower courts should "adher[e] strictly to principles of law of the case," meaning that, "if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* at 819 (citing *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) ("The law of the case will be disregarded only when the court has 'a clear conviction of error.'")).

## B.    Rule 12(b)(6)

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). Thus, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally, a court may "take judicial notice of its own files and records, as well as facts which are a matter of public record," without converting a motion to dismiss into a summary judgment motion. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (internal quotations omitted).

Finally, Rule 12(b)(6) allows a court to dismiss a case based on an affirmative defense when facts establishing the defense are apparent from the face of the complaint or from matters of which the court may take judicial notice. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (stating that "on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense" but "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements"); *see also Jiying Wei v. Univ. of Wyo. Coll. of Health Sch. Pharmacy*, 759 F. App'x 735, 738-40 (10th Cir. 2019) (affirming Rule 12(b)(6) dismissal of pro se plaintiff's claims based on affirmative defenses of claim preclusion and statute of limitations where the court had determined the claim accrual date by taking judicial notice of a filing the plaintiff had submitted in a prior case).

### III. Analysis

As a threshold issue, the Court must address Plaintiff's Motion for Transfer [#11]
before considering the Motion to Dismiss [#23], because transferring the case would
deprive this Court of jurisdiction to consider the merits. *See, e.g.*, *Chrysler Credit Corp.*,
928 F.2d at 1516-17 ("Once the files in a case are transferred physically to the court in
the transferee district, the transferor court loses all jurisdiction in the case[.]").

### A.    Motion for Transfer [#11]

Plaintiff asks the Court to transfer his case to the Federal Circuit, insisting that
"[t]he MSPB case submitted to the United States Court of Appeals for the Federal Circuit
is not regarding an eeoc [sic] case, [his] case . . . was based upon **Prohibit Personnel
Practices** [sic]." *Motion for Transfer* [#11] at 1 (emphasis in original). He asserts that he
"was removed from federal service while [his] eeoc [sic] was pending at the United States
District Court Denver, Colorado and [he] believe[s] this was a violation by the Social
Security Administration." *Id.* at 2. Plaintiff "request[s] under 28 USC 1391 [sic] that case
number 1:24 CV 00356 be sen[t] back to the appropriate court which is the United States
Court of Appeals for the Federal Circuit."[7] *Id.*

However, the Federal Circuit's jurisdictional finding and transfer order is the law of
the case. *See Christianson*, 486 U.S. at 817 (stating that the "first [court] to decide the
jurisdictional issue" had set the law of the case). As is relevant here, the Federal Circuit
made two findings: (1) Plaintiff had "pursued discrimination claims before the Merit

---

[7] 28 U.S.C. § 1391 is not a transfer statute; it is the venue statute that "govern[s] the venue of all
civil actions *brought in district courts* of the United States[.]" 28 U.S.C. § 1391(a)(1) (emphasis
added). The emphasized language confirms that the statute is inapplicable to appellate courts,
such as the Federal Circuit. Instead, the relevant transfer statute is 28 U.S.C. § 1631, which allows
for transfer based on lack of jurisdiction to another court "in which the action or appeal could have
been brought at the time it was filed or noticed[.]"

Systems Protection Board and stated that he does not wish to abandon those claims on judicial review"; and (2) even after the Circuit brought the issue to the parties' attention in a show cause order, Plaintiff "respond[ed] and continue[d] to argue his discrimination claim." *See Transfer Order* [#1-2] at 1. The Federal Circuit concluded that Plaintiff's claim was "indisputably" a "case[] involving adverse actions appealable to the Board and allegations of covered discrimination" over which it lacked jurisdiction. *Id.* at 2. It determined that the District of Colorado was the appropriate venue because that is "where the employment action occurred." *Id.*

Plaintiff does not argue that there has been a change in governing law or that new evidence has become available. *See Chrysler Credit Corp.*, 928 F.2d at 1516. Instead, he suggests that the Federal Circuit clearly erred because his "MSPB case submitted to the United States Court of Appeals for the Federal Circuit is not regarding an eeoc [sic] case . . . [it] was based upon Prohibit Personnel Practices [sic]." *Motion for Transfer* [#11] at 1 (emphasis omitted). However, *Christianson* instructs that, if this Court "can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Christianson*, 486 U.S. at 819. Here, for the reasons explained below, the Court finds no error, much less clear error, in the Federal Circuit's jurisdictional ruling.

From the outset, Plaintiff has continually and repeatedly asserted that Defendant retaliated against him for pursuing an EEO claim. *See, e.g.*, *Kent I*, 2022 WL 15800281, at *2 (considering and rejecting Plaintiff's "affirmative defense of reprisal for protected EEO activity"); *Motion for Reconsideration*, Docket No. 37, in *Kent II*, No. 23-1329 (Fed. Cir. Feb. 16, 2024) at 2 (Plaintiff asserting that he "was showing the pattern of prohibited personnel actions that Social Security administration had taken to undermine the EEO

and other due process rights"); *Motion for Transfer* [#11] at 2 (asserting that Plaintiff "was removed from federal service while [his] eeoc was pending at the United States District Court Denver, Colorado and [he] believe[s] this was a violation by the Social Security Administration"). Even giving Plaintiff the benefit of liberal construction, these assertions can only be reasonably construed in one way: Plaintiff believes Defendant retaliated against him for EEO activity.

Claims of retaliation for engaging in EEO activity are claims of covered discrimination prohibited by federal law, over which the Federal Circuit lacks jurisdiction. *See Green-Doyle*, 817 F. App'x at 986 (dismissing plaintiff's "mixed case" appeal for lack of jurisdiction when she claimed she had been fired in retaliation for contacting the EEOC); *Diggs*, 670 F.3d at 1358 (holding that "affirmative defenses of reprisal for prior EEO activity are assertion[s] of discrimination under Title VII and within the meaning of 5 U.S.C. § 7702"). This is spelled out in the Federal Circuit's Form 10, which informs litigants that discrimination claims include "argu[ing] that the adverse employment action . . . was retaliation for pursuing Equal Employment Opportunity activity[.]" *Docket Sheet* [#1-3] at 151. Additionally, the Federal Circuit expressly told Plaintiff that "claim[s] of covered discrimination" include retaliation and that it cannot hear such cases. *Id.* at 171.

Nor has Plaintiff clearly and unequivocally abandoned his retaliation claim. He could have done so by simply checking the appropriate box in Section C of the Federal Circuit's Form 10. *See, e.g.*, *Martin v. Dep't of Veterans Affs.*, No. 2022-1010, 2022 WL 22890119, at *1 n.* (Fed. Cir. Feb. 11, 2022) ("To the extent that [the petitioner] wishes to pursue review in this court, she would need to expressly abandon her discrimination claims by filing a revised Federal Circuit Form 10."). Had he done so, his claim could have

proceeded in the Federal Circuit. *See, e.g.*, *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) ("Because [the claimant's] amended Form 10 abandons all discrimination claims, we have jurisdiction over his appeal."). Instead, Plaintiff's amended Form 10 confirmed that he had "claim[ed] that [he] was discriminated against before the MSPB" and that he"[did] <u>not</u> wish to abandon [his] discrimination claims." *Docket Sheet* [#1-3] at 153. The Federal Circuit took Plaintiff at his word when he completed and signed that Circuit's required Form 10.

In summary, the Court is not persuaded that the Federal Circuit erred simply because Plaintiff insists that he is "not requesting an EEOC case review" and that his claim "is not regarding an eeoc [sic] case." *Motion for Transfer* [#11] at 1-2; *see also, e.g.*, *Watson v. Fed. Bureau of Prisons*, 727 F. App'x 685, 685 (Fed. Cir. 2018) (Mem.) (rejecting the plaintiff's assertion that he had abandoned any discrimination claims because "the court has determined that this appeal still presents at least claims of violations of the Rehabilitation Act of 1973"). The Federal Circuit's transfer order is the law of the case, and the Court finds it is well-supported after its own independent review of the record. There is no clear error or manifest injustice that warrants reconsideration. *Cf. Chrysler Credit Corp.*, 928 F.2d at 1516.

Accordingly, the Court **recommends** that the Motion for Transfer [#11] be **denied**.

## B.    Motion to Dismiss [#23]

Defendant moves to dismiss the Amended Complaint [#15] under Rule 12(b)(6), arguing that (1) Plaintiff alleged no facts to support his claim and (2) Plaintiff did not timely file a civil action within 30 days of receiving the MSPB's decision. *See Motion to Dismiss* [#23] at 6-11. Plaintiff does not respond to the argument that he has failed to state a claim;

instead, he doubles down on his insistence that he did not assert discrimination before the MSPB. *See Response* [#30] at 1 ("neither did I Kenneth Ray assert discrimination [in] case DE-0752-17-0171-1-I [sic]"). He asserts that he "submitted [his] case to the United States Court of Appeals for the Federal Circuit Court in a timely manner" but offers no further explanation. *Id.*

### 1.    Failure to State a Claim

Plaintiff's operative complaint contains no factual averments or details whatsoever. He simply asserts, in conclusory fashion, that Defendant engaged in "prohibited personnel practices" and "termination of employment." *See Am. Compl.* [#15] at 2-3. The attached Exhibit [#15-3] sheds no additional light on Defendant's purported misconduct. The only well-pleaded allegation is that Defendant terminated Plaintiff's employment, which is not enough for the Court to infer unlawful personnel practices, employment discrimination, or even that the termination was wrongful. Moreover, Plaintiff seeks no relief other than transfer of his case back to the Federal Circuit. *Id.* at 4.

Plaintiff is advised that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). After all, to the extent Defendant allegedly engaged in employment discrimination or retaliation, "there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement." *Khalik*, 671 F.3d at 1194. In the context of allegedly wrongful termination, for example, these facts might include "when [Plaintiff] was

terminated" and "the reasons Defendant gave [him] for termination and why in [his] belief those reasons were pretextual." *Id.*

Plaintiff's Amended Complaint [#15] includes none of this detail and, therefore, it does not comply with Rule 8's pleading requirements: it includes neither "a short and plain statement of the claim showing that the pleader is entitled to relief" nor "a demand for the relief sought" in the event Plaintiff prevails on the merits of his claim. Fed. R. Civ. P. 8(a)(2)-(3). He does not even identify the protected class on which any discrimination was allegedly based. The Court cannot discern the factual basis of Plaintiff's claims. Accordingly, the Court **recommends** that the Motion to Dismiss [#23] be **granted** and that Plaintiff's Amended Complaint [#15] be **dismissed** for failure to state a claim.

Ordinarily, dismissal of a pro se litigant's claim under Rule 12(b)(6) should be without prejudice. *See, e.g.*, *Gabriel v. Emergency Med. Specialists, P.C.*, No. 16-cv-00051-RBJ-CBS, 2016 WL 8310097, at *8 n.13 (D. Colo. Nov. 1, 2016). However, "dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). The Court therefore considers Defendant's timeliness argument because, if Plaintiff's claim is time-barred, amendment would be futile and dismissal with prejudice would be appropriate. *See, e.g.*, *Lawrence v. Bonaventure of Castle Rock*, No. 22-cv-01143-WJM-KLM, 2022 WL 17960556, at *8 (D. Colo. Dec. 27, 2022) (finding that the pro se plaintiff had failed to state a claim but recommending dismissal with prejudice because his failure to exhaust administrative remedies would render amendment futile), *report and recommendation adopted*, 2023 WL 6976050 (D. Colo. Oct. 23, 2023).

2.    Timeliness

Under 5 U.S.C. § 7703(b)(1)(A), a petition to review a final order or decision of the MSPB "shall be filed in the United States Court of Appeals for the Federal Circuit . . . within 60 days after the Board issues notice of the final order or decision of the Board." However, under § 7703(b)(2), "[c]ases of discrimination . . . must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action[.]" Discrimination cases must be filed as civil actions in district court. *Kloeckner v. Solis*, 568 U.S. 41, 50 (2012). Finally, cases asserting both an action appealable to the MSPB and alleged discrimination prohibited by an enumerated federal law are "mixed cases" governed by § 7703(b)(2) and must be filed in district court. *Id.*

The Supreme Court has recently clarified that the time limits set forth in 5 U.S.C. § 7703(b)(1) are not jurisdictional. *See Harrow v. Dep't of Defense*, 601 U.S. 480, 482 (2024). Because timeliness is not jurisdictional, Defendant must raise it as an affirmative defense or waive it. *See, e.g.*, *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185-86 (10th Cir. 2018) (holding that failure to exhaust under Title VII, such as an untimely filing under that statute, was a non-jurisdictional affirmative defense subject to waiver). The Court can resolve this affirmative defense only if Plaintiff's untimeliness is clear from the face of the complaint as well as from matters of which the Court may take judicial notice. *See, e.g.*, *Jiying Wei*, 759 F. App'x at 739-40 (stating that under Rule 12(b)(6), the district court was entitled to "glean[] the date it found relevant for the limitations calculation by taking judicial notice of a filing in [the pro se plaintiff's] first case").

Here, the Court takes judicial notice that the MSPB issued its *Kent I* decision on October 28, 2022. *See Kent I*, 2022 WL 15800281. In *Kent I*, the Board considered and

17

rejected Plaintiff's "affirmative defense of reprisal for protected [EEO] activity." *Id.* at *1.

The MSPB decision contained a "Notice of Appeal Rights" that informed Plaintiff that "[a]s

a general rule, an appellant seeking judicial review of a final Board order must file a

petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be

received by the court within **60 calendar days** of the date of issuance of this decision."

*Id.* at *4 (citing 5 U.S.C. § 7703(b)(1)(A)) (emphases in original). The notice proceeded to

inform Plaintiff that if he was claiming that he was "affected by an action that is appealable

to the Board and that such action was based, in whole or in part, on unlawful

discrimination," he could obtain judicial review "by filing a civil action with an appropriate

U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30

calendar days** after you receive this decision." *Id.* at *4 (citing 5 U.S.C. § 7703(b)(2);

*Perry*, 582 U.S. 420)) (emphases in original).

    The Court also judicially notices that Plaintiff filed his petition for review with the

Federal Circuit on December 20, 2022. *See Docket Sheet* [#1-3] at 11 (date-stamped). In

that petition, Plaintiff claimed to have received the MSPB's order on November 8, 2022.

*Id.* Additionally, in that petition, Plaintiff expressed his intent to pursue claims of

"Retaliation" and "EEO and Discrimination after On-Sight Investigations at by [sic] female

African American investigator." *Id.* at 12-13.

    The Court need not convert Defendant's Motion to Dismiss [#23] into a summary

judgment motion to find that Plaintiff filed his petition for review 53 days after the Board

issued its decision and 42 days after he claims he received a copy.[8] He sought review of

---

[8] Where date of receipt is unclear or unknown, the Tenth Circuit typically applies a three- or five-day mailing-time presumption. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (recognizing that the Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption" but declining to decide which presumption was appropriate because it did not

personnel decisions but also alleged retaliation for protected EEO activity, which is a discrimination claim. *See Diggs*, 670 F.3d at 1358 (holding that "affirmative defenses of reprisal for prior EEO activity are assertion[s] of discrimination under Title VII and within the meaning of 5 U.S.C. § 7702"). Because Plaintiff was asserting an adverse personnel decision "based, in whole or in part, on unlawful discrimination" in the form of retaliation, he was required to file a civil action in federal district court within 30 days after he received the MSPB decision. *See Kent I*, 2022 WL 15800281, at *4; 5 U.S.C. § 7703(b)(2).

The Court acknowledges Plaintiff's repeated insistence that his appeal "is not regarding an eeoc [sic] case" and that he "did not submit any request for Discrimination to be determined at the United States Merit Systems Protection Board Denver, Colorado." *Motion for Transfer* [#11] at 1; *Surreply* [#33] at 2. Plaintiff seems to believe that his retaliation claims are meaningfully different (for jurisdictional purposes) from direct discrimination claims, but he is wrong as a matter of law. *See Diggs*, 670 F.3d at 1358.

Plaintiff's pro se status entitles him to liberal construction, but it does not excuse him from complying with the same rules and deadlines that apply to other litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that pro se litigants must comply with the same procedural rules that govern all other litigants); *see also Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002) (finding that the pro se plaintiff's unfamiliarity with the law did not excuse him from Title VII filing deadlines, as "[his] difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner"). Plaintiff

---

affect the outcome). Here, Plaintiff claims that he received the MSPB order 11 days after it was issued. The Court need not decide whether to accept Plaintiff's claimed date of receipt or to apply one of the Tenth Circuit's mailing-time presumptions because, in all three scenarios, he filed his petition of review more than 30 days after receipt.

presented a mixed case to which the 30-day deadline applies, but he waited 42 days after he received the MSPB's order to seek review.

In summary, the Court agrees with Defendant that Plaintiff's petition for review was untimely filed and must be dismissed. Because this untimeliness cannot be cured, amendment would be futile. The Court therefore **recommends** that Plaintiff's claim be **dismissed with prejudice**. *See, e.g.*, *Lawrence*, 2022 WL 17960556, at *8 (recommending dismissal with prejudice where pro se plaintiff failed to state a claim and also failed to exhaust administrative remedies because his failure to exhaust rendered amendment futile).

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Motion for Transfer [#11] be **DENIED**.

IT IS FURTHER **RECOMMENDED** that Defendant's Motion to Dismiss [#23] be **GRANTED**, that Plaintiff's claim be **DISMISSED with prejudice**, and that this case be **CLOSED**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review

by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 26, 2025                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge